In re WATER SUPPLY IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 23, 1908.)

1. EMINENT DOMAIN—COMPENSATION—CONSTITUTIONAL PROVISIONS.

The constitutional provision that private property shall not be taken for a public purpose, except on the payment of just compensation, requires that an owner shall not be compelled to part with his property without the payment, not alone of the value of the property, but of all necessary expenses incurred in fixing the value.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 690.]

2. SAME—STATUTES—REPEAL—IMPLIED REPEAL.

Laws 1905, p. 2051, c. 725, entitled "An act relating to the acquisition of property by the city of New York for a water supply," etc., does not pretend to cover the whole question of condemnation proceedings in the city of New York, but merely relates to that general subject so far as it is concerned with the water supply, and, being a statute in pari materia, is to be read and construed in connection with other statutes as to condemnation proceedings, rather than as superseding them.

3. SAME—PROCEEDINGS TO TAKE PROPERTY—COSTS, FEES, AND EXPENSES.

Greater New York Charter, Laws 1901, p. 222, c. 466, § 496, providing that in proceedings to acquire property for a water supply the commissioners shall recommend such sums as shall seem proper to be allowed to the parties or attorneys as costs, counsel fees, and disbursements, including reasonable compensation for witnesses, is not repealed by Laws 1905, p. 2052, c. 725, § 5, providing that the fees of the commissioners and the salaries of their employés and all necessary traveling and other expenses in such proceedings, and such allowances for counsel fees as may be made by order of the court, shall be paid by the comptroller of the city; and, if any effect is to be given to the recommendation required of the commissioners by section 496, that recommendation must be deemed to come within the provision for the payment of "all other necessary expenses in and about such proceedings and such allowances for counsel fees as may be made by order of the court."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 692.]

4. SAME.

Laws 1905, p. 2052, c. 725, § 5, limits a court, in the matter of extra allowances in a proceeding by the city of New York to acquire property for a water supply, to the limitations fixed by Code Civ. Proc. § 3253, which is, generally speaking, 5 per cent. on the amount awarded.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 692.]

**5. SAME—APPEAL—REVIEW—HARMLESS ERROR.**

That a court awarded commissioners in a proceeding by the city of New York to acquire property for a water supply $10 a day under a mistaken idea that Greater New York Charter, Laws 1901, p. 229, c. 466, § 508, providing that commissioners shall be paid $10 a day, controlled, whereas Laws 1905, p. 2052, c. 725, § 5, providing that the commissioners shall receive as compensation such fees and expenses as may be taxed by the court, controls, is not ground of modification of the order, where the court might properly under Laws 1905, p. 2052, c. 725, § 5, award compensation at the rate of $10 a day, and no complaint is made of any abuse of discretion.

Appeal from Special Term.

In the matter of the application of the city of New York to acquire certain real estate for purposes of water supply. From portions of an order relating to costs and allowances, the city appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Edward H. Wilson (James D. Bell, on the brief), for appellant.

James P. Niemann (Seth Sprague Terry and Theodore N. Ripsom, on the brief), for respondent claimants.

John Lyon (Francis G. Hooley, Albert E. Seibert, and Harry G. Clock, on the brief), for respondents White and others.

Walter Underhill, for respondents Long Island Realty Company and others.

WOODWARD, J.   On the 14th day of May, 1906, an order appointing commissioners under the provisions of section 486 et seq. of the Greater New York charter (Laws 1901, p. 217, c. 466) was entered, and the commissioners subsequently took the oath of office, entered upon their duties, and completed the work of fixing the damages or compensation to be paid to the owners of real estate as described in the statute under which the proceeding was taken. The awards aggregated the sum of $75,837, and no complaint is made as to these awards. In addition to these awards the court at Special Term granted $65 costs and disbursements, including witness fees, and a 5 per cent. allowance on the amount of the award to each separate parcel. These costs and allowances aggregated $5,994.46. Each of the several commissioners were allowed $10 per day for each day of service as set forth in affidavits, and the questions on appeal relate to these costs and allowances.

Section 496 of the Greater New York charter provides that the commissioners shall make a report, setting forth the sums which have been awarded to the various owners or persons having an interest in each parcel, and that they "shall also recommend such sums as shall seem to them proper to be allowed to the parties or attorneys appearing before them, as costs, counsel fees, expenses and disbursements, including reasonable compensation for witnesses." This, it will be observed, is made the duty of the commissioners. They are to recommend the amount to be paid to the parties "as costs, counsel fees, expenses and disbursements, including reasonable compensation for

witnesses." It has nothing whatever to do with the question of the compensation to be paid to the commissioners themselves. Section 508 of the same act provides that the commissioners shall be paid $10 per day for their services; that they may employ the necessary clerks and stenographers; that the corporation counsel shall, in person, or by such counsel as he shall designate for the purpose, appear for and protect the interests of the city in all such proceedings in court and before the commissioners. It then provides that:

"The fees of the commissioners, and the salaries and compensation of their employés, and their necessary traveling expenses, and all other necessary expenses, in and about the special proceedings provided by this act, to be had for acquiring title or extinguishing claims for damages to real estate, and such allowance for counsel fees, expenses and witness fees as may be recommended by the commissioners and ordered paid by order of the court, shall be paid by the comptroller of the city of New York, out of the funds hereinafter provided, when they have been taxed before a justice of the Supreme Court in the judicial district in which the real estate is situated, upon five days' notice to the corporation counsel."

No one would seriously question that here was ample authority for the payment of the costs, counsel fees, expenses, and disbursements, including the reasonable compensation for witnesses. No one does question it upon this appeal. It is urged, however, that these provisions of the statute have been repealed by the provisions of section 5, c. 725, p. 2052, of the Laws of 1905; and this is the important question to be determined upon this appeal. In determining this question we are, as in all cases involving the construction and effect of statutes, to reach the intention of the Legislature.

The city of New York is authorized to take real estate for the purposes of its water supply under the power of eminent domain. By the provisions of section 507 it is authorized to agree upon the price to be paid; but it does not appear to be obliged to attempt such an agreement as a condition of exercising the power to take by condemnation. It desires a man's property. The individual knows that he must agree upon the price or submit to the award of commissioners, and with this advantage on the part of the city of New York it compels the owners of real estate to take its figures or to litigate the value of the property to be taken. The Constitution requires that private property shall not be taken for public purposes except upon the payment of "just compensation"; and a man who is forced into court, where he owes no obligation to the party moving against him, cannot be said to have received "just compensation" for his property if he is put to an expense appreciably important to establish the value of his property. He does not want to sell. The property is taken from him through the exertion of the high powers of the state, and the spirit of the Constitution clearly requires that he shall not be thus compelled to part with what belongs to him without the payment, not alone of the abstract value of the property, but of all the necessary expenses incurred in fixing that value. This would seem to be dictated by sound morals, as well as by the spirit of the Constitution; and it will not be presumed that the Legislature has intended

to deprive the owner of property of the full protection which belongs to him as a matter of right. This is the standpoint from which we are to look into what the Legislature has enacted, in order to determine how far it has modified or repealed the law under which justice could be done the individual owner of real estate desired for public purposes.

Chapter 725, p. 2051, of the Laws of 1905, does not pretend to amend the provisions of the Greater New York charter. It does not, in language, repeal any part of the charter, or acts inconsistent with its provisions. It does not assume to be an act to govern the proceedings in condemnation in whole, for its title is "An act relating to the acquisition of property by the city of New York for a water supply," etc. An act relating to a given thing does not convey the idea of an exclusive act. It relates to the thing, but this in law presupposes some other provision of law governing the subject-matter —to have "bearing or concern; to pertain; to refer," to quote Webster; and this is clearly the scope of the act in question, for it does not pretend to cover the whole question of condemnation proceedings in the city of New York, but merely relates to that general subject in so far as it is concerned with the water supply. For instance, in its first section, it is provided that in "all proceedings instituted subsequent to the 1st day of January, 1905, under any general or special act, to acquire property * * * no more parcels shall be submitted to the same set of commissioners of appraisal at one time than can be reasonably passed upon and an award made by the commissioners within the limits of a year," etc.; that is, it relates to the matter of proceedings under other statutes, whether general or special, and, being a statute in pari materia, is to be read and construed in connection with these other statutes, rather than as superseding them. Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727, 733, 5 Sup. Ct. 739, 28 L. Ed. 1137; County of Orange v. Ellsworth, 98 App. Div. 275, 279, 90 N. Y. Supp. 576, and authorities there cited. The general principles are so well settled and familiar as not to require the support of extensive citations that such implied effect upon an earlier statute by a later one is not favored; that when some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject; that the later act will not be deemed to repeal the former one, unless the two are manifestly inconsistent and a clear intention to repeal is disclosed on the face of the later statute. Matter of Brooklyn, Q. C. & S. R. R. Co., 185 N. Y. 171, 178, 77 N. E. 994, and authorities there cited; County of Orange v. Ellsworth, supra.

Keeping this rule in mind, and examining chapter 725, p. 2051, of the Laws of 1905, we find it providing a number of incidental details, all calculated to secure greater haste in the fulfilling of the purposes of the law in condemnation proceedings. For instance, in section 3, it is provided that the "commissioners shall make and file a report within one year and eight months from the date of filing their oaths,"

which is clearly supplemental to the provisions of section 496 of the Greater New York charter, and in no wise a repeal of any of its provisions, among which is the one that the commissioners shall recommend such sums as shall seem to them proper to be allowed to the parties or attorneys appearing before them, as costs, counsel fees, expenses, and disbursements, including reasonable compensation for witnesses. If this provision stands unrepealed, it must have a purpose. It would be idle to make it the duty of the commissioners to recommend these matters, if they were not to be acted upon, and this was provided for in section 508 of the Greater New York charter, which, so far as material, has already been set forth. Section 5 of chapter 725, p. 2052, of the Laws of 1905, which is urged as repealing the provisions of the charter above referred to, provides as follows:

"In all such proceedings the commissioners of appraisal appointed thereunder shall receive as compensation such fees and expenses as may be taxed by the court upon notice to the corporation counsel. The corporation counsel of the city of New York, shall either in person, or by such assistants or other counsel as he shall designate for the purpose, appear for and protect the interests of the city in all such proceedings in court including the taxation of fees, compensation and expenses and proceedings before the commissioners. The fees of the commissioners and the salaries and compensation of their employés, and their necessary traveling expenses, and all other necessary expenses, in and about such proceedings to be had for acquiring title or extinguishing claims for damages to real estate, and such allowances for counsel fees as may be made by order of the court shall be paid by the comptroller of the city of New York out of the funds provided in such proceedings. Such fees and expenses shall not be paid until they have been taxed before a justice of the Supreme Court in the judicial district in which the lands or some part thereof are situated upon eight days' notice to the corporation counsel of the city of New York. Such allowances shall in no case exceed the limits prescribed by section three thousand two hundred and fifty-three of the Code of Civil Procedure."

Clearly this language, taken in connection with the unrepealed provisions of section 496 of the Greater New York charter, are sufficient to justify the order of the court here under review. It may be conceded that section 5 of chapter 725 of the Laws of 1905 supersedes section 508 of the Greater New York charter; but section 5 is still to be construed in connection with the provisions of law remaining, and, if any effect is to be given to the recommendation required of the commissioners in section 496, that recommendation must be deemed to come within the provision for the payment of "all other necessary expenses, in and about such proceeding * * * and such allowances for counsel fees as may be made by order of the court." The language is certainly broad and comprehensive enough to authorize the payment of any lawful expense incurred in condemnation proceedings, and the general policy of the law, as well as the provision of section 496 of the Greater New York charter, clearly indicates the purpose of the Legislature to provide for the payment of costs and other legitimate outlays on the part of the individual who is forced into court for the protection of his rights. Any other construction would necessitate imputing to the Legislature the intention of working an injustice to the owners of property where it is desir-

ed for public purposes; and this, in the absence of clearly expressed intention, will not be done by the courts.

We are of opinion that the restriction in the act of 1905 on the amount of the allowance limited the extra allowance to 5 per cent., and that the court did not err in this matter. It was not necessary that the case should be difficult and extraordinary. The provisions of section 496, in the matter of allowances, is without limitation, except in their discretion. The provisions of section 5 of the act of 1905 limited the court to an allowance within the limitations fixed by the Code of Civil Procedure, which is, generally speaking, 5 per cent.

The court allowed the commissioners $10 per day for the amount of time which they claimed under their several affidavits. The city of New York contends that this was error; that the provisions of section 5 of chapter 725 of the Laws of 1905 govern in this matter. We are inclined to the opinion that this is true, and yet we cannot see wherein the city of New York is aggrieved. The statute provides that the commissioners "shall receive as compensation such fees and expenses as may be taxed by the court upon notice to the corporation counsel." The court has taxed the fees and expenses at $10 per day, and none of the commissioners feel aggrieved, so far as this record shows. Wherein is the city of New York aggrieved? True, the court might have made the compensation larger, or it might have made it smaller; but the city is not here complaining of the amount, or complaining of any abuse of discretion, but it urges that he erred because he awarded, under a mistaken idea of the controlling power of section 508 of the Greater New York charter, the sum of $10 per day, instead of some other amount. There is no reason why the court might not properly, under the act of 1905, award the compensation at the rate of $10 per day; and, having done so, and no one interested complaining because of any abuse of the discretion, it would be idle to modify the order.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.