## In re SIMMONS et al.

(Supreme Court, Special Term, Westchester County. December 26, 1908.)

1. EMINENT DOMAIN (§ 265*)—PROCEEDINGS TO TAKE PROPERTY—COSTS—RIGHT TO ALLOW.

New York City Charter (Laws 1901, p. 222, c. 466) § 496, provides that in condemning land the commissioners shall recommend proper sums to be allowed the parties as costs, counsel fees, etc., Laws 1905, p. 2027, c. 724, provides for the condemnation of land for reservoirs for the city of New York, and section 32 (page 2046) authorizes such allowance for counsel fees, to be paid by the city, as may be made by order of the court, but omits to expressly provide for costs, and chapter 725 (page 2051), relating to the same subject, also omits to provide therefor. Code Civ. Proc. § 3240, authorizes the court in its discretion to award costs in any special proceeding where costs are not specially regulated by the act governing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proceeding. *Held*, in proceedings under chapter 724, that section 3240 would apply to permit the award of costs therein, even if they were not allowable under section 496 of the charter, but chapters 724 and 725 did not repeal section 496, so that the court could allow costs thereunder, as well as the allowance permitted by chapter 724.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—COSTS—AMOUNT.

Costs should be allowed in such proceedings where the award is so small that the authorized allowance of 5 per cent. would not compensate counsel, as the owner is entitled to counsel, however, little the land is worth, and taxable costs should be awarded in addition to the allowance in all cases where the award is less than $2,000.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

3. EMINENT DOMAIN (§ 124*) — COMPENSATION — AMOUNT—TIME AS TO WHICH COMPENSATION IS MADE.

In condemning land for city reservoir purposes, the market value of the land at the time of the filing of the oath of the commissioners, with interest from that date, is the measure of damages, and no additional amount is allowable for delay in payment of the award; the interest compensating for that.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 340; Dec. Dig. § 124.*]

In the matter of the application of J. Edward Simmons and others, as the Board of Water Supply of the City of New York, to condemn land for reservoir purposes. On application to confirm the report of the commissioners, the landowners moved for costs and allowances. Report confirmed, with allowance of taxable costs.

Joseph S. Wood, for claimant.
H. T. Dykman, for petitioner.

TOMPKINS, J. On this application by the corporation counsel, on behalf of the city of New York, for the confirmation of the report of commissioners of appraisal, a motion was made by counsel for the landowners for costs and allowances. Their right to an allowance is conceded, while the power of the court to grant costs is denied by the city, and the question now to be decided is whether the court has power to award to the landowners taxable costs, as well as allowances.

The proceedings are under chapter 724, p. 2027, of the Laws of 1905, for the acquisition by condemnation of lands for reservoirs and water supply purposes for the city of New York. Section 32 of the act provides:

"Such allowances for counsel fees as may be made by order of the court shall be paid by the comptroller of the city of New York."

No provision is made in the act for "costs."

The charter of the city of New York, by section 496 (Laws 1901, p. 222, c. 466), provides that in any condemnation proceeding for the acquisition of real estate the commissioners shall make a report setting forth the sums which have been awarded to the various owners or persons having an interest in each parcel, and that they "shall recommend such sums as shall seem to them proper to be allowed to the parties or attorneys appearing before them, as costs, counsel fees, ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

penses and disbursements, including reasonable compensation for witnesses."

The claim now on the part of the city is that chapter 724, p. 2045, of the Laws of 1905, is alone controlling, and that section 32, which authorizes an allowance, by implication repealed the provision of the city charter just quoted; but the Appellate Division of our Department, in the Matter of the City of New York (Town of Hempstead) 125 App. Div. 219, 109 N. Y. Supp. 652, has recently held that chapter 725, p. 2051, of the Laws of 1905, which contains precisely the same provision in reference to "allowances for counsel fees" as is contained in said section 32 of chapter 724, did not, by implication or otherwise, repeal the provision of the charter of the greater city, above quoted, and which gives the court power to allow costs, as well as an allowance in all proceedings for the condemnation of real estate.

It seems to me that that decision squarely decides this question in favor of the power of the court in these proceedings to grant taxable costs, as well as to make an allowance upon the amount of the award, while the several acts of the Legislature relating to the acquisition of property by the city of New York for the construction of these reservoirs, dams, acqueducts, etc. (chapter 490, p. 666, Laws 1883; chapter 189, p. 317, Laws 1893; chapter 515, p. 1110, Laws 1893), indicate an intention on the part of the Legislature to confer upon the court power to give to the landowner costs as well as an allowance. Besides, section 3240 of the Code of Civil Procedure authorizes the court in its discretion to award costs in "any special proceeding" where the costs thereof, are not "specially regulated" by that act, and if the provision of section 496 of the New York city charter, in reference to costs, does not apply to this proceeding, then the question of costs is not "specially regulated" by any act, and it seems to me that section 3240 of the Code would apply, and it may be that the Legislature had that section of the Code in mind when it omitted the word "costs" from chapter 724 of the Laws of 1905.

The corporation counsel insists that the Hempstead Case, above cited, is not controlling in this proceeding, because that proceeding was taken under the city charter, and not under the special act, known as chapter 724 of the Laws of 1905, under which this proceeding was brought; but the fact is that chapter 725 of the Laws of 1905 did apply to that proceeding, as it does to this, and chapters 725 and 724 of the Laws of 1905 must be read together, and both apply to this proceeding, and the provisions of the two acts for the compensation of counsel are in all respects alike, the same language being used and the word "costs" being omitted, and it seems to me that the reasoning of the Appellate Division in that case, and its construction of the provisions of section 5 of chapter 725, apply with equal force to the provisions of section 32 of chapter 724 under which these proceedings were taken.

My conclusions, therefore, are that the court has power to allow costs, as well as to make an allowance, and that taxable costs should be allowed in cases where the award is so small that the allowance of 5 per cent. would not be reasonable compensation for the attorney's services. No matter how small the property may be, or of how little

value, the owner is entitled to be represented in court and before the commissioners by competent counsel, whose reasonable charges should be paid by the city over and above the award made, and compensation paid to the owner. No landowner, whose property is taken in these proceedings, should be made to pay anything out of his award for the services of counsel to protect his rights and to secure for him just compensation. There are many cases in which the awards are so small that the usual allowance of 5 per cent. would not compensate counsel for their work. For instance, there are now before me several awards of $200 and $300 each, where the allowance would be $10 or $15, not enough to pay a lawyer for his appearance on the motion to confirm the report, let alone the hearings before the commissioners and the preparation for trial. I think that in all cases where the awards are less than $2,000 there should be taxable costs, besides an allowance of 5 per cent.; and I so direct.

The commissioners, in the admission and rejection of testimony respecting parcels 371, 372, 397, 399, 400, 402, 403, 422, and 446, committed no such error as requires the setting aside of their report or a rehearing.

The point made by the landowners that evidence should have been received as to the market value in view of the time of payment is overruled.

The argument made by Mr. Wood, counsel for some of the landowners, in support of his contention that the commissioners should have taken the evidence offered by him tending to show that the property had an additional value, because the payment therefor by the city is indefinitely deferred, is interesting and persuasive, and contains much reason; but I am not quite convinced that a new rule should be established respecting proof of market value. The market value at the time of filing the oath of the commissioners is the amount to be ascertained and awarded, and upon that amount the owners receive interest from the date of filing such oath. The payment of interest is intended to compensate for the delay in the payment of the award.

The report of the commissioners is confirmed, with an allowance of 5 per cent. upon the awards, and taxable costs to each owner whose award is less than $2,000.