QUEENS COUNTY WATER CO. v. O'BRIEN, Com'r, et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. EMINENT DOMAIN (§ 186*)—MUNICIPAL WATER SUPPLY—CONDEMNATION OF LANDS THEREFOR—STATUTORY REGULATION—"SOURCE"—"NEW AND ADDITIONAL SOURCES."

Laws 1905, p. 2023, c. 723, § 2, requires the submission of maps and profiles and approval of the State Water Commission before taking or condemning lands for new or additional sources of water supply. *Held,* that the word "source" may refer to a lake, stream, or pond as a source of supply, or to any well-defined watershed from which percolating water might be taken, and the statute did not exclude from its operation a whole territory in which a city has incidentally procured some part of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

its supply, the limitation on "new and additional sources" meaning sources which had not been appropriated at the time of the statute.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 186.*]

2. ABATEMENT AND REVIVAL (§ 5*) — OTHER ACTION PENDING — "ACTION" — "PROCEEDING"—DEMURRER.

Code Civ. Proc. § 518, declares that this chapter (chapter 6, relating to pleadings) prescribes the form of pleadings in an "action," except where special provision is otherwise made. Section 3333 provides that the word "action," as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party for the enforcement or prosecution of a right, the redress or prevention of a wrong, or the punishment of a public offense. Section 3334 provides that every other prosecution by a party for either of the purposes specified in the last section is a special proceeding. *Held*, that consideration of any question arising under chapter 6 of the Code dealt with actions as therein defined, and not with special proceedings, and hence section 488, authorizing a demurrer to the complaint when it appears on its face that there is another "action" pending between the same parties for the same cause, does not permit a demurrer on the ground that a pending "proceeding" is shown.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; vol. 6, pp. 5631–5638.]

3. ACTION (§ 20*)—WHAT CONSTITUTES—"PROCEEDING."

A "proceeding" is not an "action" as used in the Code of Civil Procedure, and no such thing as "a proceeding" is known thereto.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 20.*]

4. ACTION (§ 20*)—"SPECIAL PROCEEDING"—IMPLICATION OF LEGAL CONTROVERSY.

A "special proceeding" implies that there is a legal controversy existing between the parties.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 20.*

For other definitions, see Words and Phrases, vol. 7, pp. 6586–6590; vol. 8, pp. 7802, 7803.]

5. ABATEMENT AND REVIVAL (§ 8*)—OTHER ACTION PENDING—NATURE OF ACTION.

The fact that a water company is a party to condemnation proceedings involving its private rights does not necessarily involve the issue of law involved in a statutory action brought by it in its capacity of taxpayer to enjoin the taking of its land and water rights to increase a city's water supply, and it is not deprived of its right to sue as a taxpayer because it may in its private capacity have raised in the special proceedings the same questions as to the right to take its property, the statutory cause of action being distinct from its mere defensive right in the other case.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 39–72; Dec. Dig. § 8.*]

Appeal from Special Term, Nassau County.

Injunction by the Queens County Water Company against John H. O'Brien, commissioner of water supply, gas, and electricity, for the City of New York, and others. From an order denying a motion for an injunction, and from a judgment entered on overruling a demurrer to the complaint, plaintiff appeals. A motion to dismiss the appeal is denied, and the judgment and order appealed from are reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Henry De Forest Baldwin, for appellant.

Edward H. Wilson (James D. Bell, on the brief), for respondents.

WOODWARD, J.  The plaintiff, in its capacity as a taxpayer, brings this action to restrain the defendants from taking certain lands and water rights, comprising a strip of land about 9 miles long and about 200 feet wide, extending from Clear Stream to Massapequa in Nassau county, on the ground that such taking would constitute an illegal act on the part of the defendants, in that they have not secured the approval of the State Water Commission as required by chapter 723, p. 2022, of the Laws of 1905.  Other objections are urged, going to the private rights of the corporation, but it does not appear to be necessary to enter into their discussion on this appeal.  The defendants demurred to the complaint, on the ground that "it appears upon the face thereof that there is a proceeding, other than this action, pending between the same parties for the same cause."  The learned court at Special Term overruled the demurrer, but dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action.  A motion was made in the action for an order of injunction, which motion was denied, and the plaintiff appeals from this order; and there is likewise a motion pending before this court to dismiss the appeal, it being urged on the part of the defendants that as the city of New York has become invested with the title to the real estate, under the provisions of the Greater New York Charter, that it is not competent for the plaintiff to question the right to pay for the same.  The respondents question the ground of decision on the part of the learned court at Special Term, and concede that the complaint does state a cause of action, but insist that the demurrer was well taken, and that the judgment dismissing the complaint, though granted upon a wrong theory, should be modified and placed upon the ground stated in the demurrer, and, as thus modified, affirmed.

The learned court, in holding that the complainant did not state a cause of action, construed section 2 of chapter 723, p. 2023, of the Laws of 1905, and held that it had no application to this strip of land, 9 miles in length and 200 feet wide, which the defendants are seeking to acquire for the city of New York as a part of its waterworks system.  The section provides that:

"No municipal corporation or other civil division of the state, and no board, commission or other body of or for any such municipal corporation or other civil division of the state shall, after this act takes effect, have any power to acquire, take or condemn lands for any new or additional sources of water supply, until it has first submitted the maps and profiles therefor to said commission as hereinafter provided, and until said commission shall have approved the same."

It is conceded that the commission has not approved of the maps and profiles in connection with the land to be taken by the defendants, but the learned court in disposing of the case points out that

the city of New York has for many years been maintaining a "complete water system, consisting of conduits extending from the Kings county line at Ridgewood to a point near the Suffolk county line at Amityville," in the county of Nassau, "and as tributary to these conduits the city has acquired many ponds, reservoirs, rights along streams, and other appurtenances to a complete water system," and says:

> "The lands which are proposed to be acquired in the proceeding sought to be enjoined are within the territory above described from which the city, long prior to the enactment of chapter 723 of the Laws of 1905, has derived its water supply. This being so, the power of the city to acquire these lands is not limited by section 2 of that act, and the city may condemn them without first obtaining the approval of the State Water Supply Commission."

In support of this broad construction, the court says that:

> "The word 'sources' has a geographical significance, and in that sense means the area or territory which contains the watershed or watersheds of the natural bodies of water, whether lakes, rivers, or subterranean streams from which the water supply is derived."

We find no warrant in the statute, or in the ordinary use of language, for this construction of the word "sources." Webster defines the word "source"—apart from an obsolete use:

> "The rising from the ground, or beginning, of a stream of water or the like; a spring; a fountain. That from which anything comes forth, regarded as its cause or origin; the person from whom anything originates; first cause."

In a like manner the American & English Encyclopedia of Law (volume 25, p. 1160) says:

> "The term 'source' is defined as the spring or fountain from which a stream of water proceeds, or any collection of water within the earth or upon its surface in which a stream originates."

Undoubtedly the language of the statute is to be construed broadly enough to refer to a lake, a stream, or a pond as a source of supply, or to any well-defined watershed from which the percolating waters might be taken; but to say that a whole territory, in which the city of New York has incidentally procured some part of its water supply, is dedicated to the uses of the city in such a manner as to take it out of the operation of a statute designed to regulate the taking or condemning of lands "for any new or additional sources of water supply," is going a long way. The limitation of the statute is upon "new or additional sources," and "additional sources" are sources which have not been appropriated at the time of the statute, and do not relate to a general territory from which the city may have taken some part of the water. If we are right in this view, and it seems to us entirely obvious that the Legislature intended giving the right to condemn additional sources only in subordination to the control of the State Water Commission, it follows that this was a necessary condition to the legal taking of the lands of the plaintiff or of any other party, and that the complaint did state a good cause of action, under the provisions of

law permitting a taxpayer to bring into question the legality of the acts of public officials in expending the public revenues.

This brings us, therefore, to the consideration of the demurrer interposed by the defendants. Section 518 of the Code of Civil Procedure says:

"This chapter prescribes the form of pleadings in an action * * * except where special provision is otherwise made by law."

And section 3333 says that:

"The word 'action,' as used in the New Revision of the Statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

And the next section provides that:

"Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."

So, when we are considering any question arising under the provisions of chapter 6 of the Code of Civil Procedure, we are dealing with actions, as defined by the Code, and not with special proceedings. Section 488 provides that the "defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof," and among these objections is the one that there is another "action pending between the same parties, for the same cause." This language, the meaning of which is defined by the statute itself, does not permit of a demurrer on the ground stated by the defendants, that:

"It appears upon the face thereof that there is a proceeding, other than this action, pending between the same parties for the same cause."

A proceeding is not an "action," as that word is used in the Code of Civil Procedure. Indeed, no such thing as "a proceeding" is known to the Code of Civil Procedure; there is a "special proceeding," and a "special proceeding" would imply that there was a legal controversy existing between the parties as to the same cause, but "a proceeding" is defined by Webster as:

"The act of one who proceeds, or who prosecutes a design or transaction; progress or movement from one thing to another; a measure or step taken in a course of business; a transaction," etc.

So that the declaration of the demurring defendants that "there is a proceeding, other than this action, pending between the same parties for the same cause;" presents no possible question of law, for the proceeding might not be anything more than a negotiation between the parties in reference to the same matter. But apart from the exact language of the demurrer, the fact that the Queens County Water Company was a party to a condemnation proceeding in which its private rights were involved does not necessarily involve the issue of law involved in a statutory action brought by the Queens County Water Company in its capacity of a taxpayer. It might, in the condemnation proceedings, waive the question of the legality

of the steps taken, without in any manner surrendering its right, as a taxpayer, to bring the matter before the courts. The statute gives this right, not to protect the Queens County Water Company from the power of the defendants to take its property under the power of eminent domain, but to protect the taxpayers of the community from the illegal acts of public officials; and, while the Queens County Water Company might raise the question in its contest over the condemnation of its property, it is not bound to do so, and it is not deprived of its right, as a taxpayer, to bring this action because it may, in its private capacity, have raised the question in a special proceeding. The statute gives a right to demur only when there is "another action pending between the same parties, for the same cause," and there is not only no "action" pending between the same parties, but the cause of action here asserted, under the statute, is a different cause from the one which the Queens County Water Company is bound to assert in the condemnation proceeding; it is a cause of action in which every taxpayer has an interest, and one which the statute gives for the protection of the taxpayer as such, which is quite distinct from the mere defensive right of a corporation to assert the illegality of acts which seek to invade its property rights.

It follows, therefore, that the motion to dismiss the appeal should be denied, that the judgment and order appealed from should be reversed, and that the preliminary injunction asked for should be granted.

Judgment reversed and new trial granted, costs to abide the final award of costs. Order reversed, with $10 costs and disbursements. All concur.