In re CITY OF NEW YORK.

(Supreme Court, Special Term, Nassau County.  December 20, 1909.)

1. EMINENT DOMAIN (§ 231*)—PROCEEDINGS.
   In proceedings by the city of New York to condemn lands for water supply purposes, the commissioners of appraisal may acquire information as to the value of the land, etc., from any reliable source, and are not bound by testimony of witnesses as to its value.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 231.*]

2. EMINENT DOMAIN (§ 95*)—COMPENSATION—MEASURE.
   In proceedings by the city of New York to condemn land for an infiltration gallery, the commissioners of appraisal can only award actual damages, and cannot award, in addition thereto, or in absence thereof, any damages on the theory of a "cloud on the title" created by the taking.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 239; Dec. Dig. § 95.*]

3. DEEDS (§ 100*)—CONSTRUCTION—INTENTION OF PARTIES.
   The intent of the parties to a deed can only be ascertained by reference to the deed where it is unambiguous.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 239; Dec. Dig. § 100.*]

4. EMINENT DOMAIN (§ 265*)—PROCEEDS—COSTS AND EXPENDITURES.
   In proceedings by the city of New York to condemn property for an infiltration gallery, upon awarding damages, the commissioners of appraisal should allow all claimants their full bill of costs, the statutory amount of $65, and, in addition thereto, counsel fees of 5 per cent. on the amount of the award to each separate parcel.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 692; Dec. Dig. § 265.*]

5. EMINENT DOMAIN (§ 230*)—PROCEEDINGS—FEES OF COMMISSIONERS OF APPRAISAL—EXTRA ALLOWANCE—RIGHT.
   Greater New York Charter (Laws 1901, p. 229, c. 466), § 508, which allowed commissioners of appraisal in condemnation proceedings $10 a day for their services, was amended by Laws 1904, p. 1885, c. 736, permitting an additional allowance to the commissioners in any proceeding instituted by the city of New York, which latter act was repealed by Laws 1906, p. 1708, c. 658, § 22, enacted May 29, 1906.  Held, in condemnation proceedings by the city of New York commenced in 1904, that the commissioners of appraisal could only be granted an extra allowance from the enactment of the Laws 1904 until their repeal in 1906.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

6. EMINENT DOMAIN (§ 169*)—PROCEEDINGS—OBJECTIONS—WAIVER.
   In proceedings by New York City to condemn lands for water supply purposes, the objection that the consent of the state board of water supply to the taking of the land was not obtained as provided by Laws 1905, p. 2022, c. 723, was waived when not raised when supplemental orders were made extending and enlarging the powers of the commissioners of appraisal, and claimants cannot raise it on application to confirm the commissioners' report.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 169.*]

In the matter of the application of the City of New York to acquire real estate in the Town of Hempstead, in the County of Nassau, for purposes of water supply.  On motion to confirm the report of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r. Indexes

Commissioners of Appraisal, awarding damages.   Motion denied, and report remitted for reconsideration.

Theodore N. Ripson, for claimants.

Edward H. Wilson, Asst. Corp. Counsel, for City of New York.

ASPINALL, J.   This is a motion to confirm the report of commissioners of appraisal.   The commissioners were appointed in the year 1904 to acquire a strip of land 3 miles long and 200 feet wide, south of the Montauk Division of the Long Island Railroad, running from Bellmore to Seaford.   The purpose of this acquisition of land was to install an infiltration gallery.   In December, 1905, and again in July, 1908, supplemental orders were made and entered enlarging and extending the powers of the commissioners.   The commission has made awards for about 104 separate parcels of land, aggregating about $90,705, and has recommended about $9,980 for costs, allowances, and disbursements.   The proceeding has been a long and tedious one, covering a period of over four years, during which time over 2,000 pages of testimony have been taken at the different hearings.

The confirmation of the report is now opposed by many of the claimants, as well as the city of New York.   I have familiarized myself with the record, and have carefully read and considered all the briefs submitted to me by the respective parties in interest, and I am of the opinion that the report of the commissioners should not be confirmed for the following reasons:

First.  The commission states in its opinion that:

"By reason, however, of its adherence to the Burchard decision, it has in the case of the following plots given a higher estimate of value than it believes the property is actually worth, and if it had not felt bound in these cases to regard the opinion of at least the lowest expert, it would place a lower value and make a smaller award as to parcels Nos. 2, 3, 4, 6, 7, 9, 11, 16, 17, 18, 19, 20, 22, and 23."

The case of Burchard v. State of New York, 128 App. Div. 750, 113 N. Y. Supp. 233, was a case in the Court of Claims, and a judgment of the said court was reversed by the Appellate Division in the Third Department, for the reason that it had made an award at less than the lowest sum testified to by the witnesses.   In my opinion the Burchard Case has no application to condemnation proceedings, and was in no wise binding upon the commissioners in this proceeding; and in this respect, in my judgment, the commissioners have proceeded upon an illegal basis.   In fact, the Appellate Division in the Third Department, in the Matter of the Application and Petition of J. Edward Simmons, 132 App. Div. 574, 116 N. Y. Supp. 952, has so decided, and affirmed an award which was much less than the figures of the experts.   The court said, in referring to the Burchard Case:

"That case, however, is not here applicable.  The functions and duties of commissioners of appraisal in condemnation proceedings are vastly different from those of the Court of Claims.  It is well settled that the former may seek information from various sources and supply themselves with knowledge pertaining to the subject-matter of their inquiry independently of the parties, and that they are unhampered by technical rules of evidence and unrestricted as to their sources of information."

Second. The commissioners proceeded upon a wrong theory in estimating damages as to the water rights for most all the parcels. I refer to what has been designated in these proceedings as the "cloud on title" theory of claimants. The commissioners have awarded, as I understand it, actual damages for the lowering of ponds and streams, and then have added thereto a further damage because of the "cloud on title" theory and loss of reputation of the land, or, if no actual damages were sustained by the claimants, then the commissioners have awarded damages for the "cloud on title" theory alone. In my opinion this was error. The commissioners should have disregarded the so-called "cloud on title" theory entirely. Under the law the commissioners could only award the claimants for actual damages, or, in other words, just compensation.

Third. In my opinion the commissioners were wrong in their conclusion that the deed of Jacob S. J. Jones to the old city of Brooklyn, bearing date the 7th day of August, 1885, was not in any particular a bar or partial bar to the claim of Edwin H. Brown in parcel No. 53, and in making an award upon that theory. The question to determine is this: What was the intent of Jones and the city at the time of the making of the deed? And this question can only be answered by reference to the deed itself. A very careful reading of the deed satisfies me that the city took all of Jones' rights with regard to the water which came from the north, and to which he was entitled, and left no right that could not be extinguished at any time by the city, providing, however, that if this water was cut off by the city within three years, as provided for by the deed, then Jones was entitled to the sum of $500 additional to the purchase price of $14,000. If this be so, then Jones had no water rights to deed to any one, and Brown, as against the city, never obtained or had any water rights whatever. This proposition might be argued out at great length; but it seems to me entirely unnecessary. I am more than satisfied that the intent of the parties to this deed was that the city should have the right to drain the entire pond and take all the water if necessary. The deed of Jones to the city absolutely impaired the water rights of Brown, and the commissioners should have so found.

Fourth. The taxes for the years 1864, 1865, 1866, and 1867 purporting to affect parcel No. 50H, the property of Albert W. Seaman, should be stricken from the report, as there is no evidence adduced to sustain such a finding.

Fifth. The commissioners should include in their report the claim of the town of Hempstead for damages on Railroad or Seaford avenue.

Sixth. The commissioners should allow all claimants who have not been allowed their full bill of costs the statutory amount of $65, and in addition thereto counsel are entitled to an allowance of 5 per cent. on the amount of the award to each separate parcel. See Matter of City of New York (Town of Hempstead) 125 App. Div. 219, 109 N. Y. Supp. 652.

Seventh. All of claimants' witnesses, including McCord, should only receive $10 a parcel. This amount, in my judgment, is sufficient compensation, and, if more than that sum has been allowed by the commis-

sioners, the same should be reduced, and the sum of $50 each should only be allowed to the witnesses Eisenhut and Wyckoff.

Eighth. I fully recognize the fact that the commissioners have performed a tremendous amount of work during the past five years, and, were it not for the fact that I feel I am restrained by the law governing this matter, I would be inclined to grant their request for extra compensation. I have carefully read the brief of the commissioners and have given the matter serious consideration, in the hope that I might grant their request; but I find it absolutely impossible under the law for me to do so. This proceeding was commenced in 1904, and, pursuant to the provisions of the charter (Laws 1901, p. 229, c. 466, § 508), the commissioners were only entitled to the sum of $10 per day. By Laws 1904, p. 1885, c. 736, this law was amended by adding a provision that in any proceeding instituted in the city of New York an additional allowance to the commissioners might be made by the court; but in 1906 (Laws 1906, p. 1708, c. 658, § 22) the act of 1904 was repealed and the provision as to extra allowance to commissioners eliminated and cut out. I am therefore of the opinion that the commissioners are entitled when engaged in the work of the commission to the sum of $10 per day from the date of their appointment in 1904, and an additional or extra allowance of $10 per day from the time of their appointment until the passage of the act of 1906, to wit, May 29, 1906.

Ninth. Some of the claimants now attack this proceeding upon the ground that the same is unauthorized and fatally defective in that the consent of the state board of water supply to the taking of the land was not obtained, as provided by Laws 1905, p. 2022, c. 723, and cite the case of Queens County Water Company v. O'Brien, 131 App. Div. 91, 115 N. Y. Supp. 495, in support of the same. The orders of 1905 and 1908 were made and entered without opposition by any one and practically upon consent. In my opinion the time to raise the question now presented to me was when the motions were made in 1905 and 1908, and, the claimants not then having raised the question, they certainly must be deemed to have waived the same. See County of Orange v. Ellsworth, 98 App. Div. 275, 90 N. Y. Supp. 576.

The application to confirm the report of the commissioners is therefore denied, and the report is remitted to the same commissioners for further hearings or a reconsideration of the case.