(128 App. Div. 750.)

BURCHARD v. STATE.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. STATES (§ 184*)—CLAIM AGAINST STATE—COMPENSATION FOR LAND TAKEN —COURT OF CLAIMS—EVIDENCE.

The Court of Claims in adjudging compensation for land appropriated by the state cannot place the value of the land below that given by any witness.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

2. STATES (§ 184*)—COURT OF CLAIMS—LAND TAKEN BY STATE—CLAIM FOR COMPENSATION—DAMAGES—COST OF SEARCH SHOWING TITLE.

A claimant for compensation from the state for land appropriated is entitled, as part of her damages, to be reimbursed for the expense of obtaining a clerk's search showing her title, which is a prerequisite to payment by the state of the claim, since otherwise she would not receive the full damages suffered to which she is entitled under the Constitution.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

3. STATES (§ 184*)—COURT OF CLAIMS—LAND TAKEN BY STATE—CLAIM FOR COMPENSATION—DAMAGES—COST OF SEARCH OF TITLE—STATUTORY PROVISIONS.

The cost of the search was not a disbursement in the action within Code Civ. Proc. § 274, providing that no disbursements will be allowed in actions before the Court of Claims.

[Ed. Note.—For other cases, see States, Dec. Dig. § 184.*]

Kellogg and Sewell, JJ., dissenting.

Appeal from Court of Claims.

Claim by Mary W. Burchard against the State of New York for compensation for land taken for canal purposes. From a judgment of the Court of Claims granting claimant an insufficient award, she appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Northrup R. Holmes, for claimant.

W. S. Jackson, Atty. Gen. (George P. Decker, of counsel), for respondent.

SMITH, P. J. The appeal is for insufficiency of award. The state had appropriated about 9½ acres of the claimant's farm for canal purposes. For compensation for such taking this claim is made. The evidence on the part of the claimant, as well as the evidence on the part of the state, showed the damage to be $1,100 and upwards. In disregard of this evidence the claimant has only been awarded the sum of $750 damages. This judgment is defended by the plea that the Court of Claims is composed of land experts who knew more

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

about the value of land in the locality in which this land was taken than the witnesses, even those produced on the part of the state. If this be so, and their judgment must be taken as true in the face of the positive evidence produced, it would hardly seem that the Legislature would have provided for a review of that question upon an appeal to this court. It is true that part of the land taken was stumpy and marshy, and had never been ploughed. In the face, however, of the testimony given by the witnesses both for the claimant and the state, we are of opinion that the court was not authorized to disregard that testimony and place the value below that given by any witness produced.

In order to obtain compensation for the land taken, the claimant was required to file a clerk's search showing his title. This cost $35. This claim cannot be paid even voluntarily by the state without the filing of this search. The claimant insists that he is entitled to recompense for this disbursement. In the matter of N. Y. W. S. & B. R. R. Co., 94 N. Y. 287, it was held that in a proceeding to acquire title to land the General Term had no power on appeal by the company from the order of confirmation to award costs against the owner. This was upon the theory that the owner was entitled to the full compensation for his land, and Judge Rapallo writing for the court says:

"They [the landowners] are entitled to the full amount of their damages when finally ascertained, and this amount cannot be diminished by allowing to this its own expenses incurred in ascertaining it, or in endeavoring to reduce it."

The principle of this case would seem to me to control the case at bar. The state cannot take this land without compensation. Nevertheless, before compensation can be made even voluntarily, the owner is required to pay a certain disbursement. That disbursement is made part of his damages. If that be not allowed to him, he would not receive the full damages which he has suffered. If the interest in the land be small, the disbursement might well eat up the full amount of compensation received. To protect him in his constitutional right therefor, the amount which he necessarily has paid for this search should be held to be part of the damages which he has sustained and which the state must pay. It is true that by section 274 of the Code of Civil Procedure no disbursements are to be allowed in an action prosecuted before the Court of Claims, but this is not a disbursement in that action. It is a disbursement made necessary to perfect his claim, and is presumably included in the damages which the Court of Claims is authorized and required to award for land taken by the state. Otherwise the state would be taking his land without paying the compensation to which he is entitled under the Constitution.

Judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, and new trial granted, with costs to appellant. All concur, except KELLOGG and SEWELL, JJ., who dissent.