In re SIMMONS et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. EMINENT DOMAIN (§ 202*)—ASSESSMENT BY APPRAISERS—EVIDENCE TO SUSTAIN REPORT.

In a proceeding to condemn property, the lowest valuation placed on the property by witnesses before the commissioners was $9,400; but the order confirming the reports of the commissioners showed that it was assessed for taxation at $1,200. Held, that there was sufficient evidence to justify the commissioners in appraising the value of the property at $7,750.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 202.*]

2. EMINENT DOMAIN (§ 231*)—ASSESSMENT BY APPRAISERS—EVIDENCE.

Commissioners of appraisal in condemnation proceedings are unhampered by technical rules of evidence, but are not at liberty to disregard the evidence which the parties produce.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 231.*]

Appeal from Special Term, Ulster County.

In the matter of the application of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for and on behalf of the City of New York. From an order of the Supreme Court (116 N. Y. Supp. 439), confirming the report of Commissioners of Appraisal, Egbert Dederick appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Harrison T. Slosson and Arthur A. Brown, for appellant.

Francis K. Pendleton, Corp. Counsel (John J. Linson, of counsel), for respondents.

COCHRANE, J. Pursuant to chapter 724, p. 2027, of the Laws of 1905, and the acts amendatory thereof, the city of New York, for the purpose of providing itself with an additional supply of water, has acquired title to a farm of the appellant situated in the town of Olive, Ulster county, N. Y. The farm consists of about 81 acres, with a house and the usual farm buildings. The house is adapted to the business of keeping summer boarders. Commissioners of appraisal were appointed to determine the compensation to be made to the appellant and to the owners of other real estate. Such compensation to appellant has been fixed at $7,750. His grievance is the alleged insufficiency of this compensation, and the foundation of his grievance is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that such compensation is less than the estimated value of his farm by any witness who testified before the commissioners, including the witnesses produced by the municipality. These latter witnesses fixed the value at $9,400.

In Burchard v. State of New York, 128 App. Div. 750, 113 N. Y. Supp. 233, this court reversed a judgment of the Court of Claims because that court had disregarded evidence introduced both by the claimant and the state as to the value of land taken for canal purposes, and had awarded a judgment for less than the estimated value as given by any witness, including the witnesses of the state. That case, however, is not here applicable. The functions and duties of commissioners of appraisal in condemnation proceedings are vastly different from those of the Court of Claims. It is well settled that the former may seek information from various sources and supply themselves with knowledge pertaining to the subject-matter of their inquiry, independently of the parties, and that they are unhampered by technical rules of evidence and unrestricted as to their sources of information. Matter of Thompson, 85 Hun, 438, 443, 32 N. Y. Supp. 897; City of Syracuse v. Stacey, 45 App. Div. 249, 259, 61 N. Y. Supp. 165; Matter of Staten Island Rapid Transit Company, 47 Hun, 396; Harlem River & Portchester Railroad Company v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199; New York & Massachusetts Railroad Company v. Lent, 51 Hun, 644, 4 N. Y. Supp. 88. The information thus acquired by the commissioners, independently of the evidence produced by the parties, may properly be utilized by said commissioners. In the very nature of things it does not get into the record and cannot be considered by an appellate court. We are obliged to assume, in reviewing their determination, that the commissioners acquired and made proper use of such evidence in reaching their conclusion, as well as the written evidence produced by the parties, and that they also acted upon the personal inspection of the real estate which the statute requires them to make.

It is quite true that the commissioners are not at liberty to disregard the evidence which the parties produce. It is said that, although the commissioners may act upon knowledge acquired aliunde the record, nevertheless knowledge thus acquired should only be used for the purpose of weighing and giving proper effect to the record evidence, and that their determination, when reviewed on appeal, must appear to have some support in the evidence appearing in the record. It is urged that when a party takes property by the right of eminent domain, and produces evidence as to the value of such property, it may justly be assumed that the value thus fixed represents the minimum which a court should be willing to allow for property thus forcibly taken; that it is reasonable to assume that when a party places a value upon property which he is willing to pay therefor, and produces expert witnesses to establish such value, the value as thus estimated bears such an element of probability that it should be accepted. We do not think that this case presents that question. The order appealed from shows on its face that the appellant's property was assessed at $1,200. This is some evidence of value appearing in the record,

which the commissioners are presumed to have considered, and we are not disposed to hold that $7,750 is an inadequate compensation for property assessed at $1,200 by public officers personally acquainted therewith.

Complaint is also made that proper provision was not made for the disbursements of the appellant. We have examined this question, and think that he has no just ground for complaint in that respect.

The order, so far as appealed from, should be affirmed with costs. All concur.