PAUL GEANEAS, Appellant, v. ARTHUR E. FANROTH, Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff, with costs. The following language in the plaintiff's deed, viz., " and that the roadway nine feet wide along the easterly side of said premises now owned by the said John A. Cook shall never be built upon or closed without the written consent of the party of the second part or his assigns," was intended to grant to the plaintiff a right to use the said roadway for purposes of ingress and egress, and for the purposes of delivering fuel, building material, merchandise and supplies to plaintiff's premises, in common with the defendant, and was so interpreted by the parties, and was so used. Defendant has erected signs upon said roadway and has used the same for the continuous parking of automobile buses thereon, which use is permissible in so far as it does not interfere with plaintiff's use of the roadway, and said obstructions must be removed when they interfere with plaintiff's use thereof. Findings and conclusions inconsistent herewith are reversed, and new findings and conclusions will be made. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur. Settle order on notice.

HAZEL M. HOPKINS, Respondent, v. PERCY C. HOPKINS, Appellant.— Order granting plaintiff's motion for alimony and counsel fee affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Amstel Avenue, Hammels Boulevard, Beach Channel Drive. QUEENS BOROUGH GAS AND ELECTRIC COMPANY, Appellant; CITY OF NEW YORK, Respondent.— Decree, in so far as it affects damage parcels Nos. 2, 3A, 4A, 5A, 5B and 6A, reversed upon the law and the facts, with costs, and proceeding remitted to the Special Term for a rehearing. The award of $50,000 made in this proceeding was not only in disregard of the testimony of the real estate experts both for the city and the claimant, but of the qualified engineers, and was so far below the estimates of damage by the city's witnesses that we are of opinion that it was erroneously made and, therefore, must be set aside. (*Matter of Simmons* [*Ashokan Reservoir*], 132 App. Div. 574; *Matter of City of New York* [*Titus Street*], 139 id. 238; *People.ex rel. Hallock* v. *Hennessy*, 152 id. 767.) The damages in this proceeding embrace, *first*, the intrinsic value of the lands and improvements actually taken; *second*, the consequential damage to the remaining lands, due to the division of the parcel into two separate units, including the cost of constructing retaining walls on both sides of Beach Channel drive, and, *third*, the consequential damage to the improvements of claimant's plant, including the cost of the overhead and underground structures made necessary by the taking. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

In the Matter of the Estate of BEDELL D. RAYNOR, Deceased. MARGARET A. HICKS, Individually and as Executrix of ELMIRA A. RAYNOR, Deceased; SARAH A. PEARSALL and Others, Appellants; ELLEN F. STEIHLER and CHARLOTTE RAYNOR, Respondents.— Decree of the Surrogate's Court of Nassau county unanimously affirmed, with costs to respondents payable out of the estate. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.