PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Successor by Merger to BANK OF MANHATTAN TRUST COMPANY, etc., Plaintiff, *v.* LOTTIE V. WILLIAMS and Another, Defendants.

Supreme Court, New York County, August 31, 1934.

*Koslow & Mack*, for the plaintiff.

*Joseph G. Abramson*, for the defendant Hyman Freund.

LAUER, J. This is an application for leave to enter a deficiency judgment under section 1083-a of the Civil Practice Act. The court is called upon to determine the market value of the property at the time it was bid in at auction " or such nearest earlier date as there shall have been any market value thereof." The court may make this decision " upon affidavit or otherwise."

The affidavits on this motion disclose that the property was bid in by the plaintiff at the foreclosure sale held on June 11, 1934, for $40,000. The amount necessary to cover the lien of the mortgage and expenses is $59,448.57. A deficiency judgment of $19,488.57 is sought. In support of this application there is submitted an appraisal of a well-known real estate firm, which appraisal is not under oath, fixing a value of $40,000 as of July 31, 1934. This appraisal is doubtless based on the price realized at the foreclosure sale held December 19, 1933. Upon the application for the appointment of a receiver of the property pending its foreclosure the same real estate firm appraised the property at $52,500. In opposition to the present motion, the defendant against whom the deficiency judgment is sought submits an appraisal from another real estate concern fixing a value for the property at $60,750. This appraisal is likewise not under oath and is dated August 20, 1934.

The price realized under conditions which have been prevalent in the real estate market in recent times cannot be regarded as any fair criterion of real value. The court may take note of these conditions. In fact the prevalence of these conditions is responsible in large measure for the enactment of the statute which is under consideration on this motion. There is actually no market at foreclosure sales from outside sources and properties are bid in by the plaintiffs at these sales at any price the plaintiffs feel disposed to bid. Conditions are such that there is no one willing to bid a price in excess of the amount of the mortgage and other liens and the expenses of the foreclosure and sale. Consequently the price bid by the plaintiff, whatever that may be, is the price at which the property is sold. Naturally this price cannot in all fairness be regarded as a test of the fair value of the property.

From the defendant's affidavit it appears that the property was purchased for $82,000 in 1923, at which time a purchase-money mortgage for $68,000 was executed. On this mortgage $15,000 was paid off. This is the mortgage which was foreclosed in this action. The city assessed the property for the year 1933 at $75,000 and for the year 1934 at $64,000. The city assessment is some evidence of value. (*Matter of Simmons* [*Ashokan Reservoir*], 132 App. Div. 574.) It is fixed as a result of the sworn opinion of a deputy commissioner. It is probably more accurate than the unsworn appraisals likely to be submitted by interested parties.

Under the circumstances here appearing it seems not unreasonable to determine the value of the property as of the date of the foreclosure sale at $60,000, from which it follows that there can be no deficiency judgment herein. The motion is denied.