In the Matter of the PORT OF NEW YORK AUTHORITY Relative to Acquiring Title to Real Property for the Third Tube and Additional Approaches and Connections of the Lincoln Tunnel, in the Borough of Manhattan..

Supreme Court, Special Term, New York County, December 17, 1952.

*Emily Marx* for Rofar Realty Co., Inc., for motion.

*Sidney Goldstein, Daniel B. Goldberg, Nathaniel Fensterstock* and *William Spane* for Port of New York Authority, opposed.

EDER, J. This current condemnation proceeding was instituted by the Port of New York Authority to acquire title to certain lands in the borough of Manhattan for the third tube and additional approaches and connections of the Lincoln Tunnel.

In pursuance of the statute in such case made and provided (L. 1947, ch. 819, § 1) the Port Authority has applied, upon verified petition, for an order to condemn the real property described in the petition and directing that the compensation which should justly be made to the respective owners of the real property to be acquired in said proceeding be ascertained and determined by the court, without a jury.

Section 1 of chapter 819 of the Laws of 1947 is entitled (in McKinney's Cons. Laws of N. Y., Book 65, part 2, Unconsolidated Laws [1949 ed.], § 6561) *" Procedure to acquire title by right of eminent domain or condemnation "*, and in paragraph 3 of subdivision (e) thereof provides that upon the application to condemn, the Port Authority shall present to the court a verified petition, setting forth, among other allegations: " 3. The amount of valuation at which each parcel of the real property to be acquired has been assessed for purposes of taxation on the tax rolls for each of the three years preceding the date of the petition, or if the interest being taken shall be less than the fee, the estimated value of such interest."

Conforming to this statutory prescription the petition of the Port Authority, after setting forth other requisite allegations, contains the following averment: " 10. The amount of valuations at which each parcel of the real property to be acquired has been assessed for purposes of taxation on the tax rolls for each of the three years preceding the date of this petition and in the instances in which the interest being taken is less than a fee, the estimated value of such interest is shown on a schedule constituting a portion of and annexed to said map Exhibit A which said map and schedule are made a part of this petition."

Rofar Realty Co., Inc., the record owner of Damage Parcel 18, Lot 62, Block 732, by the instant motion seeks the dismissal of said petition and application of the Port Authority contending that the petition and application should be dismissed on the ground that they do not state a cause of action or entitle the Port Authority to any relief thereon because the statements of assessed valuation therein contained render such pleadings unconstitutional, illegal and void, and on the further ground that this court has no jurisdiction over the subject matter of said

petition and application because of such unconstitutionality, illegality and nullity.

As alternative relief, in the event the constitutional objections do not prevail, movant asks that the statements of assessed valuation be stricken from the petition and application on the ground that they are irrelevant, illegal, void and tend to prejudice the fair trial of this proceeding, and, as further relief, that such statements of assessed valuation be excluded and stricken from said petition and application.

Although not so expressly declared in the moving papers, if the court correctly apprehends the premise urged in support of the motion, it is that the provision assailed is unconstitutional in that it is in contravention of the due process of law clauses of the National and State Constitutions (U. S. Const., 5th & 14th Amendts.; N. Y. Const., art. I, § 6), that the challenged enactment is tantamount to a legislative prescription that assessed valuation is made the standard of just compensation and that a taking of property under such a statute would be without due process of law. In sum, that under such statute the owner is given no opportunity to cross-examine the expert or experts upon whose valuation the Port Authority relies; that these allegations of the petition cannot be denied; that these valuation opinions are before the court with the same force and effect as if admitted in evidence, without any opportunity for cross-examination and to object to their receipt in evidence and thus permit the appraisal or opinion of the tax assessors, constituting hearsay evidence, to be admissible against the owner, without opportunity for cross-examination or objection and require such [alleged] incompetent evidence to be considered by the court on the matter of valuation of the property to be acquired.

The court is unable to perceive any legal substance to these contentions.

The statute does not provide that the assessed valuation shall be admitted in evidence, or that it shall operate as a presumption in determining just compensation, or shall constitute prima facie evidence of just compensation; nor does it contain any direction to the court which in any manner whatever requires it to consider the element of assessed valuation; nor does it attempt to set up any guide to substitute for the court's judgment in evaluating the condemned property.

There is nothing in section 1 which provides that the assessed valuations shall be the sole and fixed criterion of just compensa-

tion or shall constitute the sole and exclusive standard of just compensation. There is nothing in this enactment that arbitrarily fixes a value on property and which it compels the owner to accept. Indeed, subdivision (o) directs the court, " after hearing such testimony and considering such proofs as may be offered," to " ascertain and estimate the compensation which should justly be made by the port authority " — leaving it to the court to determine what weight, if any, should be accorded to the element of assessed valuation.

In short, the assailed provision merely authorizes the inclusion in the petition of a statement of facts, which are matters of public record, as information for the court for what it may be worth.

Heretofore the courts considered assessed value, in condemnation proceedings, as a factor, on the matter of valuation, but in no way binding on the court, and to be given only such consideration as the court felt it warranted (*Matter of Board of Water Supply of City of New York,* 277 N. Y. 452; *Matter of Simmons [Ashokan Reservoir],* 132 App. Div. 574; *Matter of City of New York [Esam Holding Corp.],* 222 App. Div. 554, affd. 250 N. Y. 588; *Porter* v. *International Bridge Co.,* 137 N. Y. S. 214).

Even without statutory authorization it has been a matter of judicial practice in this State to consider the factor of assessed value in evaluating condemned property for the purpose of awarding just compensation (cases, *supra*).

Assuming the provision as to assessed valuation creates a presumption of value and renders hearsay evidence admissible with respect thereto, this does not render such legislation unconstitutional nor give rise to a claim of lack of procedural due process.

No one has a vested right in the law or rules of evidence and of pleading, and the Legislature may enact, alter, amend, modify or repeal them, though subject, always, of course, to such limitations as the Constitution may impose; and within constitutional limitations the law-making body may enact laws creating and rendering admissible presumptive evidence as well as hearsay evidence, so long as such laws do not thereby make evidence conclusive and preclude the adverse party from showing the truth (*Adler* v. *Board of Educ.,* 342 U. S. 485; *Thompson* v. *Wallin,* 301 N. Y. 476, 494; *Howard* v. *Moot,* 64 N. Y. 262, 268–269; *People* v. *Turner,* 117 N. Y. 227, 233).

Paragraph 3 of subdivision (e) of section 1 creates no positive or conclusive state of facts. It merely dispenses with formal proof of the assessed valuations for the mentioned three years' period, matters of public record. Nothing in the statute precludes the owner or claimant from rebutting and overcoming them by contradictory and better evidence (*Howard* v. *Moot, supra*).

In the opinion of the court there is no legal stability to the contentions that the statute assailed is constitutionally invalid, and that, in consequence, the petition and application must be dismissed as failing to set forth a maintainable cause of action and proceeding.

The court also denies the request for alternative relief, viz., to strike out the statements of assessed valuations as tending to prejudice the fair trial of this proceeding.

There is no merit to this assertion. The trial of a condemnation proceeding is conducted before a judge, and counsel must be aware, or at least should be so, and know, that the assessed value will not influence the court against the owner or claimant on the ultimate determination of value in the fixation of just compensation. Motion denied in all respects.

Settle order.