173 So.2d 109

**STATE of Alabama**

**v.**

**Jean G. CRAWFORD et al.**

**I Div. 272.**

Supreme Court of Alabama.

March 18, 1965.

Thos. F. Sweeney and Bellfield T. Wells, Mobile, for appellant.

Vernon Z. Crawford, Mobile, for appellees.

COLEMAN, Justice.

The state, as condemnor in an eminent domain proceeding, appeals from a judgment of condemnation and from the judgment overruling the condemnor's motion for new trial.

Condemnor argues that the circuit court erred in overruling that ground of the motion for new trial which asserts that the verdict is contrary to the evidence.

■ According to the statement of the evidence in appellant's brief, the testimony of condemnor's expert witness as to the damages and compensation due the landowner fixed the amount at six hundred dollars. The expert witness for landowner fixed the amount at twelve hundred and fifty dollars. That is all the testimony as to damages and compensation due the owner. The jury did not view the property. As we understand landowner's brief, the foregoing statement of the evidence is not contradicted and, therefore, will be taken as accurate and sufficient for decision. Supreme Court Rule 9.

The witnesses appear to be qualified by 15 and 10 years' experience, respectively, in the real estate business, to express opinions as to value of the property. It is not insisted that their opinions were unreliable.

The jury returned a verdict awarding the landowner nineteen hundred dollars.

Condemnor insists that where the jury has not viewed the premises, the award may not exceed the highest amount set by the testimony.

In Burchard v. State, 128 App.Div. 750, 113 N.Y.S. 233, the appellate division reversed an award for condemned property. The evidence showed the damage to be $1,100.00 and upward. The award was for only $750.00. The appellate division expressed the view that the trial court was not authorized to disregard the testimony and place the value below that given by any witness.

In the case of In re Block Bounded by Ave. A, etc., 66 Misc.Rep. 488, 122 N.Y.S. 321, the court refused to affirm the report of commissioners assessing the value of parcel No. 24 at $18,000.00 when the only expert witness called by the owner testified that the value was $16,400.00. The court observed that there is no formal pleading of value in condemnation proceedings; that if there were such pleading, the owner could not be allowed more than he claimed; and that no reason appears why the owner should not be equally bound by his proof.

In Donavan v. Fandrich, 265 Ala. 439, 92 So.2d 1, in an action on the common counts to collect an alleged debt, this court reversed a judgment for plaintiff, saying that we were unable to find any evidence to justify a finding of the amount fixed by the jury, and that, where the verdict cannot be justified upon any reasonable hypothesis presented by the evidence, it ought to be set aside upon proper proceedings. This

court held that defendant's motion for new trial should have been granted.

In the case at bar, we do not think the verdict for $1,900.00 can be justified when the only evidence is that the damages amounted to $600.00 and $1,250.00. Under those circumstances, the jury, in allowing $1,900.00 must have proceeded upon some erroneous theory.

We have noted that the jury did not view the land. We are not to be understood as holding that the verdict would stand if the jury had viewed the land. That question is not presented. In this connection, see: State v. Carter, 267 Ala. 347, 350, 101 So.2d 550; State v. Long, 269 Ala. 270, 271, 112 So.2d 480.

In deciding this case, we are not unmindful of the rule that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; State v. Hunter, 270 Ala. 57, 116 So. 2d 383. In this connection, however, there is also the rule that there is no "absolute" or "unrestricted" right in the trier of facts to disregard evidence of witnesses declared competent by the statute, § 367, Title 7, whether expert or not. Such evidence is not conclusive, as of course, but is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value. O'Neill v. City of Birmingham, 221 Ala. 580, 584, 130 So. 87. In the instant case, as it seems to us, the verdict is in absolute disregard of, and without support from, the evidence.

We are of opinion that the verdict is contrary to the evidence and that the court erred in overruling the grounds of the motion for new trial which take that point.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.