200 So.2d 482

**STATE of Alabama**

**v.**

**Mary S. WALKER, as Executrix et al.**

**6 Div. 290.**

Supreme Court of Alabama.

June 1, 1967.

McQueen, Flowers & Ray and A. L. McDuff, Tuscaloosa, for appellant.

deGraffenried, deGraffenried & deGraf-
fenried, Tuscaloosa, for appellee Walker.

McCain & Evans, Tuscaloosa, for ap-
pellee York.

MERRILL, Justice.

This appeal by the State of Alabama is from a jury verdict of $48,750.00 in a condemnation suit for highway purposes in favor of appellees, Walker et al., the owners, and appellee York, the lessee, who operated a neighborhood grocery store on the premises. A motion for a new trial was overruled.

The only question presented to the jury was the amount of compensation and damages due appellees. The State's evidence on this question ranged from $9,250 to $18,000; that of the appellees ranged from $36,700 to $40,000. There was no evidence to support a finding of $48,750, the amount of the verdict.

■ Under our holding in State v. Crawford, 277 Ala. 568, 173 So.2d 109, the judgment appealed from must be reversed. We quote from that case:

> "In the case at bar, we do not think the verdict for $1,900.00 can be justified when the only evidence is that the damages amounted to $600.00 and $1,250.00. Under those circumstances, the jury, in allowing $1,900.00 must have proceeded upon some erroneous theory."

Also in the *Crawford* case, the argument was made, as it is here, that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. But we rejected application of the rule because "the verdict is an absolute disregard of, and without support from, the evidence."

Appellees tacitly recognize this rule in brief and suggest that if the award of the jury was based on some erroneous theory on the part of the jury, then we should

resolve the question by way of remittitur and not by reversal.

■ We do not comply with the suggestion. The only question is the amount of compensation to be paid appellees. The evidentiary range is $9,250 to $40,000. We do not think we should substitute our judgment for that of a jury where the issue is not complex and the value range is so wide. Unless the parties can agree on some amount, the question should again be presented to a jury.

Since the judgment is reversed, we do not discuss assignment of error 18, which raises a question of nondisclosure by a juror or possible prejudice in the examination of the jury panel. This question should not arise on another trial.

■ In view of the possibility of another trial, we point out as to assignments of error 2 and 3 that loss in trade or temporary inconvenience during construction are not elements of damage, Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862; and in determining damages for condemning part of land for highway purposes, rental to various tenants was not material, Pryor v. Limestone County, 222 Ala. 621, 134 So. 17.

■■ The well-established rule of compensation in a condemnation proceeding in this state where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, giving effect to any enhancement in value to the part remaining in case the condemnation was for a public highway, as provided in Tit. 19, § 14, Code 1940. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17. In determining the value of the property after the taking, the jury should consider any factor or circumstance which would depreciate the value in any way, and this includes any effect that the completed project for which the land is condemned may produce on the remaining tract. St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683; State v. Jacks, 272 Ala. 107, 128 So.2d 734; State v. Goodwyn, 272 Ala. 618, 133 So.2d 375.

■ Other assignments of error raise the question of whether the tenant should have been permitted to testify, over objection, that he offered the owners $65,000 for the property some six years before the trial, and that the offer was refused.

This court has stated that "this is not the way to show the reasonable market value of land." Dean v. County Board of Education, 210 Ala. 256, 97 So. 741. The amount for which an owner could have sold his property or which a prospective purchaser might have been willing to pay is influenced by too many fortuitous circumstances to be relevant on inquiry of value to be admissible as substantive proof thereof by the owner in a condemnation proceeding. Oral and not binding offers are so easily made and refused in a mere passing conversation, and under circumstances involving no responsibility on either side, as to cast no light upon the question of value. It is frequently very difficult to show precisely the situation under which these offers were made. They do not tend to show value, they are unsatisfactory, easy of fabrication and even dangerous as evidence on the subject of value. To receive such evidence in an eminent domain proceeding may well lead to collateral inquiries and confusion of issues. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; Tennessee Coal, Iron & R. Co. v. State, 141 Ala. 103, 37 So. 433; Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211.

Appellant has assigned as error the overruling of its objection to counsel for the owners cross-examining the lessee. It

argues that there was no separate or distinct interest of the owners and the lessee and that their interests in the trial were the same.

Title 7, § 443, Code 1940, provides:

"The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right."

Circuit and Inferior Court Rule 18 provides: "On trial, only one counsel on each side shall examine a witness."

Here, the owners and the lessee had distinct interests, but they were on the same side because their single aim on this trial was to secure as large a verdict as possible, and the dispute between them, if any, would arise after the amount of compensation was fixed.

■■ We have held that in condemnation proceedings, where no point is raised as to the right to condemn, the question to be determined is the total compensation the condemnor is required to pay for the taking of the property. The apportionment of the award between the fee owner and any lessees, mortgagees or any other persons having interests in the condemned property is a matter of dispute between themselves after the final order of condemnation and the total amount of compensation has been fixed. City of Dothan v. Wilkes, 269 Ala. 444, 114 So. 2d 237; Tit. 19, §§ 26–27, Code 1940.

■ It is possible that the interests of the owner and the lessee (or other holder of an interest in the land condemned) could be so divergent that each should be subject to cross-examination by the other. No hard and fast rule can be set for every case, but we are inclined to follow the holding in Kiviniemi v. Hildenbrand, 201 Wis. 619, 231 N.W. 252, where their Circuit Court Rule XXII was essentially the same as our Circuit Court Rule 18. It was held that a coparty was permitted to cross-examine the other co-party where their interests were adverse, but in all instances where they were identical, they were denied.

■ This court has said, in construing Circuit Court Rule 18, "that it is in the discretion of the trial court to permit more than one counsel to examine a witness. Trial courts generally so act in respect to it." Roberts v. State, 258 Ala. 534, 63 So.2d 584 [8].

Because of the error of the trial court in failing to grant the motion for a new trial on the ground that the verdict was not supported by the evidence, the judgment must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.