210 So.2d 926

**STATE of Alabama**

v.

**Ruth B. EDMUNDSON et al.**

6 Div. 451.

Supreme Court of Alabama.

May 30, 1968.

Thos. Coleman, Sp. Asst. Atty. Gen., for appellant.

· John P. Ansley and Gerald S. Topazi, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal by the State from a judgment granting appellee's motion for a new trial. The case arose as follows:

The State filed its petition for condemnation of a part of a tract of land owned by appellees in the city of Birmingham. The petition was filed in the Probate Court of Jefferson County which appointed commissioners to determine the amount of compensation to which the appellees were entitled. The commissioners awarded the sum of $20,000 and the State appealed to the Circuit Court.

The only question presented to the jury in the Circuit Court was the amount of compensation and damages due appellees. The State's evidence on this sole issue consisted of an opinion by the State's expert witness that the compensation due appellees amounted to $13,700. Experts on behalf of the landowners testified that they were entitled to $20,000. The jury returned a verdict of $13,500, lower than the

lowest amount fixed by the testimony. From the trial court's judgment granting the appellee's motion for a new trial the State appealed.

The sole question to be decided by us then is: Did the trial court err in granting the motion for a new trial where the jury's verdict was below the lowest figure mentioned in the evidence.

■ In seeking a reversal the State has two hurdles to overcome:

(1) The trial court's granting of the motion for new trial is largely discretionary and carries a strong presumption of correctness:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error." Taylor v. Brownell-O'Hear Pontiac Company, 265 Ala. 468, 91 So.2d 828.

(2) Additionally the State is faced with this court's holding in State of Alabama v. Crawford et al., 277 Ala. 568, 173 So.2d 109. In that case the State contended that a jury was unauthorized, where it had not viewed the premises (and it has not done so here) to award the landowner an amount exceeding the highest amount set by the testimony. In Crawford the compensation due the landowner was fixed by the State's witness at $600 and by the landowner's witness at $1,200. The jury awarded $1,900.

This court agreed with the State's contention in that case that in the absence of a view of the property or some other basis for so doing, the jury's award in excess of the highest amount established by the testimony was due to be set aside. In the Crawford case we cited with approval Burchard v. State, 128 App.Div. 750, 113 N.Y. S. 233, where the New York court expressed the view that the trial court was unauthorized to disregard the testimony and place the value below that given by any witness, the precise case before us here.

There, as here, and as in State of Alabama v. Walker, 281 Ala. 182, 200 So.2d 482, the State argued that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. In Crawford and in Walker this argument was rejected because "the verdict is an absolute disregard of, and without support from, the evidence".

■ In both of these cases the award made by the jury exceeded the amount of the highest figure fixed by the witnesses. This case differs only in that the amount of the verdict is *below* the lowest figure fixed by the testimony. The State would have us then agree with it that a jury may not (without other evidence, not involved here) return a verdict in excess of the amount established by the evidence, but that a jury may render a verdict in lesser amount than any figure established by the witnesses. Thus it would have Crawford and Walker, supra, limited to those cases where an excess is involved—thus fixing a maximum amount, but not to a case such as the one before us. We do not believe those cases are compatible with this argument, particularly since Crawford cited with approval a New York case involving the exact situation before us.

The trial court did not err in granting the motion for a new trial.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.