BRADLEY, Judge.
On November 15, 1971 the W. C. Griffith Gin, Hanceville, Alabama, was totally destroyed by fire. Defendants are insurance companies which had in force on that date policies covering the gin equipment and the building. The mortgage clause of those policies provided that plaintiff, as the gin’s mortgagee, was entitled to the proceeds from the insurance to the extent of its mortgage interest.
Plaintiff filed suit to recover on these policies on February 15, 1973. A jury trial was held, and at the conclusion of the evidence plaintiff moved for directed verdict against each defendant. Denied. Interrogatories were then submitted to the jury. In answer to the interrogatories, the jury found that plaintiff was entitled to recover under the policies; that plaintiff had sustained damages as a result of the gin fire; and that the amount of damages was $2,000 for the building and $7,000 for the machinery. The trial court prorated the $9,000 award plus six percent interest among the several insurers.
On March 25,1974 plaintiff filed a motion for judgment n.o.v. or alternatively for new trial. The ground cited for this motion was that the jury’s answer to the interrogatory assessing the amount of damages was inadequate and not supported by the evidence. On June 7, 1974 this motion was overruled. Hence this appeal.
Plaintiff argues that the jury’s award of $9,000 in damages is contrary to the unre-butted expert testimony of a much greater loss, and that it is the manifest product of bias, prejudice, or other improper motive. For this reason, plaintiff states that its motion of June 7 should have been granted.
Neither party disputes that the measure of recovery in the present case is the market value of the destroyed property, Sussex Fire Ins. Co. v. Barton, 225 Ala. 570, 144 So. 439. The only evidence in the record as to this value is the testimony at trial of Mr. Jack Wells Kidd, plaintiff’s president, and the deposed testimony of Mr. Talmadge *146 Smith, a field representative for plaintiff. In Mr. Kidd’s opinion the building had a value of $12,000 to $15,000, and the machinery of $31,000 to $33,000. However, on voir dire Mr. Kidd testified that he was not sure of the names of parts of the equipment, their original cost, or date of purchase. Mr. Smith stated that in his opinion the building was worth $15,000 and the machinery $30,000 to $35,000, but also admitted he could not itemize his estimate.
It is apparent that plaintiff’s appeal is not based on any indication of jury bias or misconduct other than the discrepancy between the award of damages and the valuation testimony of these two witnesses.
The jury has no right to capriciously or arbitrarily disregard competent opinion testimony as to market value, O’Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87, However, opinion evidence, even of experts, is not conclusive; it cannot substitute for the jury’s own determination, Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13. The jury has the duty to reach its own conclusion, giving no weight to opinion testimony as to valuation when, after due consideration of it, the jury is reasonably satisfied that it deserves none, Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13.
Appellant argues that the jury’s right to assign weight to the opinion testimony of witnesses is limited by a line of eminent domain cases: State v. Edmundson, 282 Ala. 293, 210 So.2d 926; State v. Walker, 281 Ala. 182, 200 So.2d 482; State v. Crawford, 277 Ala. 568, 173 So.2d 109. Appellant cites these cases for the principle that the highest and lowest values for real property testified to by opinion witnesses establish a range within which the jury’s verdict must fall, or that verdict will be set aside.
This rule first appeared in Crawford, where the supreme court acknowledged that opinion evidence, even without conflict, is not conclusive on the court. However, Crawford, citing O’Neill v. City of Birmingham, supra, went on to state that, in an eminent domain case, a jury verdict awarding compensation to the landowner greater than the amount testified to by any witness appeared to be “in absolute disregard” of the evidence. Later condemnation cases hardened this finding into the rule relied on by appellant.
We do not feel that Crawford is apt authority on the jury’s duty to weigh opinion evidence of value outside the context of eminent domain. In that area of the law the public policy may very well require a narrower field of operation for the jury than obtains in ordinary civil suits. Where, as here, the plaintiff seeks damages for property already destroyed and thus unavailable for inspection, any limitation on the jury’s right to weigh the credibility of opinion evidence will tend to create an advantage for a property owner whom the law holds competent to testify about the property even though he may have an exaggerated opinion of it. In such cases the jury’s awareness of factors pointing to such exaggeration prevents us from saying an award of a lesser amount is in absolute disregard of all the evidence. A new trial should be granted where the jury, out of arbitrary or improper motive, disregards the opinion of witnesses; but one need not be granted where the jury weighed it and found it lacking credibility.
In the instant case, appellant presents nothing that indicates capricious or arbitrary rejection of evidence by the jury. The verdict as to value was substantially less than the opinion of the witnesses; but we cannot infer from that alone that the jury violated its duty to consider and weigh all competent evidence. It is obvious only that the jury gave little credence to the testimony of Mr. Kidd and Mr. Smith, and considering the matter elicited on voir dire, it was well within its rights to so assess such testimony, Morgan v. Harris, 55 Ala.App. 694, 318 So.2d 723.
There being no error below, the judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.