HOUSTON, Justice.
Baldwin County began a condemnation proceeding in the Probate Court of Baldwin County, to acquire certain property owned by Kenneth D. Norman and his wife, Patricia D. Norman. The Normans moved to dismiss the proceeding, contending that Baldwin County did not have the authority to condemn the property. The probate court granted a preliminary order of condemnation, and the commissioners appointed by the probate court entered an award of $18,000. The Normans appealed to the Circuit Court of Baldwin County; there they moved for a summary judgment. The trial court entered a partial summary judgment holding that Baldwin County had the right to condemn the property, but it submitted the question of damages to the jury. The jury awarded the Normans $4,500, and the court entered a judgment in that amount. The Normans moved for a new trial, alleging that the $4,500 award was not based on the testimony given as to the value of the property. Baldwin County moved for an additur, asking the trial court to increase the award from $4,500 to $5,000, the lowest value any of the witnesses had given for the property. The motions were denied by operation of law. See Rule 59.1, A.R.Civ.P. The Normans appeal. Baldwin County cross-appeals.
The Normans maintain that because the jury verdict was less than the lowest value placed on the property by the expert witnesses, they are entitled to a new trial.
Baldwin County maintains that the jury considered evidence of specific damage estimates along with other evidence in reaching a verdict (i.e., evidence that a historical oak tree located on the property had been permanently damaged before the condemnation proceedings and evidence as to the specific characteristics of the property, including location, discrepancies between appraisals of highway frontage property in the area, and potential uses for the property, including residential, commercial, and timberland), and that therefore there existed “a solid and reasonable basis ... for the jury’s verdict $500 below the lowest damage estimate testified to.” Thus, the County says the trial court properly exercised its discretion in denying the Normans’ motion for new trial.
The testimony as to the value of the property condemned ranged from $5,000 to $43,--800. The jury did not view the property.
In the absence of a view of the property, or some other basis, a jury’s verdict awarding less than the lowest value suggested by the testimony is due to be set aside. See, State v. Edmundson, 282 Ala. 293, 210 So.2d 926 (1968), affirming the trial court’s order granting a new trial, where the jury, without viewing the property, awarded the landowners an amount lower than the lowest amount suggested by the testimony. See, also, State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965); and Burchard v. State, 128 App.Div. 750, 113 N.Y.S. 233 (1908) (which this Court cited with approval in State v. Crawford and State v. Edmundson); in Burchard the New York appellate court held that the trial court was not authorized to disregard the testimony and to set a value below that given by any witness. In deciding this case, we must apply what this Court stated in State v. Crawford, 277 Ala. at 570, 173 So.2d at 110:
“[W]e are not unmindful of the rule that evidence of value is necessarily opinion *1147 evidence, and that it is not conclusive on courts and juries, even when without conflict. In this connection, however, there is also the rule that there is no ‘absolute’ or ‘unrestricted’ right in the trier of facts to disregard evidence of witnesses declared competent.... Such evidence is not conclusive, ..., but is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value. In the instant case, ... the verdict is in absolute disregard of, and without support from, the evidence.”
(Citations omitted.)
Based on our review of the record, we conclude that the verdict in this case, like that in Crawford, is contrary to the evidence — it “is in ... disregard of, and without support from, the evidence.” The trial court erred in denying the Normans’ motion for a new trial. Therefore, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
We note Baldwin County’s argument in its cross appeal that if the Court “determines that the trial court should have granted the Normans’ motion for new trial based upon inadequate damages,” then its motion for additur, which would have brought the award within the range testified to, should have been granted, “thereby eliminating the basis for a new trial and promoting the prominent objective of judicial efficiency.” We find that argument unpersuasive.
Where damages are determined to be inadequate, the court may, in lieu of a new trial and with the consent of the defendant, increase the damages, where the amount to be added is certain and based on a fixed standard of admeasurement. See, e.g., Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565 (1935). However, where the damages have not been clearly and definitely established by the evidence — -as in this case, where the testimony of the value of the property ranged from $5,000 to $43,800 — and where the proposed increase merely increases the award to the lowest amount suggested by the testimony, the trial court is without the authority to order an additur. The trial court properly denied Baldwin County’s motion for an additur.
In case 1931043, we affirm the order denying the additur. In case 1930994, we reverse the judgment based on the jury’s verdict.
1930994 — REVERSED AND REMANDED.
1931043 — AFFIRMED.
MADDOX, ALMON, SHORES and COOK, JJ., concur.